UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK CANFIELD, a/k/a
Fredrick Canfield,

                Plaintiff,

v.                                        6:24-CV-1303
                                        (GTS/TWD)

PETER TARTAGLIA, Parole Ofcr.; and
RICHARD KIMMERER, Parole Ofcr.,

                Defendants.
_____

APPEARANCES:

FREDERICK CANFIELD, 23-B-5349
  Plaintiff, *Pro Se*
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *pro se* civil rights action filed by Frederick Canfield, a/k/a Fredrick Canfield, ("Plaintiff") against parole officers Peter Tartaglia and Richard Kimmerer ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint (Dkt. No. 1) be dismissed "without prejudice and with leave to amend" as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and that Plaintiff's motion to appoint counsel (Dkt. No. 8) be denied. Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Id.*)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED with prejudice** and without further Order of this Court, **UNLESS, within THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that specifies the details of the revocation of his parole status resulting from the events of July 12, 2024, and whether his parole revocation has been reversed, expunged, otherwise declared invalid, as referenced in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file such a timely **AMENDED COMPLAINT**, it shall be referred to Magistrate Judge Dancks for her review; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 8) is **DENIED**.

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Dated: March 28, 2025
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge